UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-539-GCM
(3:93-cr-215-GCM-6)

| | | |
|---|---|---|
| **CARLOS EMANUEL KINARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he raises a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

**I.  BACKGROUND**

Petitioner was indicted along with eight co-defendants in a cocaine-base distribution conspiracy. (Crim. Case No. 3:93-cr-215-GCM, Doc. No. 3). A jury found Petitioner guilty of:

>   Count (1), conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846;
>
>   Count (2), conspiracy to commit violent crimes in aid of racketeering activity in violation of 18 U.S.C. §§ 1959 and 2;
>
>   Counts (11) and (12), possession with intent to distribute cocaine base and aiding and abetting the same in violation of 21 U.S.C. § 841(a)(1) and (2);
>
>   Counts (13) and (34), using or carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(2);
>
>   Counts (28), (31), and (32), murder or kidnapping in aid of racketeering and aiding and abetting the same in violation of 18 U.S.C. §§ 1959(a)(1) and (2);

1

> Counts (29) and (30), assault in aid of racketeering activity and aiding and abetting the same in violation of 18 U.S.C. §§ 1959(a)(3) and (2); and
>
> Count (33), using or carrying a firearm, and aiding and abetting other to do the same, during and in relation to a crime of violence, namely, assault with a dangerous weapon in aid of racketeering activity pursuant to 18 U.S.C. § 1959(a)(3), all in violation of 18 U.S.C. § 924(c) and (2).

(Id., Doc. No. 115).

After grouping and scoring the various offenses, the Presentence Investigation Report scored the combined adjusted offense level as 47, minus a three-level reduction for acceptance of responsibility pursuant to § 3E1.1, resulting in an offense level of 44. (Id., Doc. No. 252 at ¶¶ 92-103). However, an offense level of more than 43 is to be treated as a total offense level of 43, so the total offense level was 43. (Id., Doc. No. 252 at ¶¶ 104, 106). The criminal history section scored one criminal history point and a criminal history category of I. (Id., Doc. No. 252 at ¶ 111). The resulting guidelines imprisonment range was life for Counts (1), (2), (11), (12), (28), (29), (30), (31), and (33); and the statutorily required penalty for Counts (13), (33), and (34). (Id., Doc. No. 252 at ¶¶ 127, 128).

The Court sentenced Petitioner to a total of life imprisonment plus fifty years, that is, life for Counts (1), (2), (11), (12), (28), (31), and (32), and twenty years' imprisonment for Counts (29) and (30), concurrent; and consecutive terms of imprisonment of ten years for Count (13), and twenty years for Counts (33) and (34). (Id., Doc. No. 136).

The Fourth Circuit affirmed on direct appeal. United States v. Padgett, 78 F.3d 580 (4th Cir. 1996). The United States Supreme Court denied certiorari on October 7, 1996. Kinard v. United States, 117 S.Ct. 124 (1996).

In September 2009, the Court declined to grant Petitioner a sentencing reduction pursuant to Amendment 706 to the United States Sentencing Guidelines addressing crack cocaine because

Petitioner's guidelines range was unchanged by the amendment. (Crim. Case. No. 3:93-cr-215-GCM, Doc. No. 226).

Petitioner filed the instant § 2255 motion to vacate on June 7, 2016, raising a Johnson claim.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Construing the *pro se* § 2255 motion to vacate liberally[1] Petitioner argues that his § 924(c) conviction is invalid because the predicate offense – a violation of 18 U.S.C. § 1959(a) – is not a "crime of violence" pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015).

---

[1] Haines v. Kerner, 404 U.S. 519 (1972) (a *pro se* complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers).

3

In Johnson, the United States Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness. Johnson recognizes a new right that is retroactively applicable on collateral review. Welch v. United States, 136 S.Ct. 1257, 1265 (2016). Johnson addresses only ACCA's residual clause and "does not call into question application of the Act to the four enumerated offense, or to the remainder of the Act's definition of a violent felony." Johnson, 135 S.Ct. at 2563.

Petitioner was not sentenced under ACCA. He seeks to extend Johnson's void-for-vagueness holding to § 924(c)(3)(B). He appears to argue that his predicate offense of assault with a dangerous weapon in aid of a racketeering activity in violation of 18 U.S.C. § 1959(a) only qualifies as a crime of violence under 924(c)(3)(B), and therefore, his § 924(c) conviction is invalid.[3]

The Fourth Circuit has not yet determined whether Johnson applies to § 924(c)(3)(B) and the other circuits are split on the issue.[4] This Court need not resolve the issue here because the instant § 2255 motion to vacate is time-barred and, alternatively, would fail on the merits.

---

[2] ACCA defines a "violent felony" as any felony that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

[3] Petitioner was charged with three counts of violating § 924(c) in Counts (13), (33) and (34). Johnson does not apply to Counts (13) and (34) because the predicate offenses upon which they are based are drug trafficking crimes, not crimes of violence. Petitioner's only conceivable Johnson claim refers to Count (33), which charges Petitioner with violating § 924(c) based on a crime of violence, *i.e.*, assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3).

[4] The majority of circuits have held that Johnson does not apply to, or invalidate, § 924(c)(3)(B) because of significant textual differences between ACCA's residual clause and § 924(c)(3)(B)'s so-called risk-of-force clause. See United States v. Prickett, 839 F.3d 697, 699-700 (8th Cir. 2016), *petition for cert. filed* (U.S. Dec. 30, 2016) (No. 16-7373); United States v. Hill, 832 F.3d 135, 145-49 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016), *petition for cert. fi*led (U.S. Oct. 12, 2016) (No. 16-6392); Ovalles v. United States, 861 F.3d

4

First, Petitioner's § 2255 motion to vacate is time-barred. A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner argues that his motion to vacate is timely pursuant to § 2255(f)(3) because it was filed within one year of Johnson's issuance.

Petitioner's reliance on § 2255(f)(3) is misplaced because Johnson only recognizes that ACCA's residual clause is unconstitutionally vague. See Johnson, 135 S.Ct. at 2557. Johnson does not expressly recognize a new right with respect to § 924(c), therefore, § 2255(f)(3) does not apply pursuant to its plain language. See generally United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that Johnson did not recognize the right the defendant asserted – to

---

1257 (11th Cir. 2017); see also United States v. Davis, 677 Fed. Appx. 933, 936–37, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017) (unpublished), *petition for cert. filed* (U.S. May 3, 2017) (No. 16-8997). Only the Seventh Circuit has held that Johnson applies to invalidate § 924(c)(3)(A). See United States v. Cardena, 842 F.3d 959, 995-99 (7th Cir. 2016). Even it has acknowledged that "the case for distinguishing § 924(c)(3)(B) is not altogether unconvincing," but has held that it is bound by its precedents holding that § 924(c)(3)(B) is unconstitutionally vague until the United States Supreme Court holds otherwise pursuant to *stare decisis*. United States v. Jackson, 865 F.3d 946, 954 (7th Cir. 2017); see United States v. Vivas-Ceja, 808 F.3d 719, 721 (7th Cir. 2015) (finding that Johnson invalidates the residual clause in 18 U.S.C. § 16(b)); United States v. Cardena, 842 F.3d 959 (7th Cir. 2016) (relying on Vivas-Ceja to hold that the "residual clause" in § 924(c)(3)(B) is the same as the one in § 16(b) and therefore is also unconstitutionally vague).

have his guidelines range calculated without the sentencing guidelines' residual clause – and therefore § 2255(f)(3) did not re-start his time to file his motion to vacate); see also Bell v. United States, 2017 WL 151398 (W.D.N.C. Jan. 13, 2017) (finding that § 2255(f)(3) does not apply to defendant's claims that Johnson applies to the sentencing guidelines and § 924(c) because Johnson did not initially recognize the right the defendant purported to assert); Bradham v. United States, 2017 WL 3730510 (D.S.C. Aug. 30, 2017) (holding that § 2255(f)(3) does not re-start the one-year period to bring a claim that Johnson applies to § 924(c)); United States v. Halteh, 2017 WL 3669098 (E.D. Va. Aug. 24, 2017) (same). Cf. United States v. Snyder, __ F.3d __, 2017 WL 4171886 (10th Cir. Sept. 21, 2017) (finding that a § 2255 motion to vacate asserting a claim that Johnson applies to § 924(c)(2)(B) "*asserts* the right established in Johnson…" and therefore was timely under § 2255(f)(3) regardless of whether the claim can ultimately prevail).

Second, even if Johnson was extended to § 924(c), Petitioner's claim would fail on the merits. Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." A "drug trafficking crime" is "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" under § 924(c) means an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Subsections (A) and (B) are sometimes referred to as the "use-of-force" clause and "risk-of-force" clause, respectively.

6

To determine whether a crime requires the use, attempted use, or threatened use of violent force, courts generally apply a categorical approach. See Mathis v. United States, 136 S.Ct. 2243 (2016). The strict categorical approach applies when the predicate statute is indivisible, meaning it does not set out elements of the offense in the alternative. United States v. Royal, 731 F.3d 333, 340 (4th Cir. 2013). However, where a statute sets out elements in the alternative and thus creates multiple versions of the crime, the courts consider the statute to be divisible and apply the modified categorical approach. Descamps v. United States, 133 S.Ct. 2276 (2013). The modified categorical approach looks to a limited class of documents to determine of what crime, with what elements, the defendant was convicted. See Mathis, 136 S.Ct. at 2249; see Shepard v. United States, 544 U.S. 13 (2005).

Section 1959(a) defines various violent crimes in aid of racketeering activity by listing elements in the alternative, thus defining different offenses based on the predicate violent crime. Therefore, § 1959(a) is divisible and the modified categorical approach applies to determine whether a § 1959(a) conviction is a crime of violence.[5] See Cousins v. United States, 198 F. Supp. 3d 621, 626 (E.D. Va. 2016); United States v. Jones, 2017 WL 3725632 (Aug. 29, 2017).

Applying the modified categorical approach in this case, the indictment charges in Count (33) that Petitioner "did use and carry a firearm, and did aid and abet others in the use and carrying of a firearm, during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, namely assault with a dangerous weapon in aid of racketeering activity in violation of Title 18, United States Code, Section 1959(a)(3), all in

---

[5] It is irrelevant whether Subsection 1959(a)(3) is itself divisible so there is no need to determine whether assault with a dangerous weapon and assault with serious bodily injury are alternative elements or alternative means. Petitioner was charged with the assault with a dangerous weapon alternative which is the less culpable of the two, and so would be the focus of the inquiry even if 1959(a)(3) is not divisible. See United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016) (to determine whether a predicate offense qualifies as a crime of violence, the focus is on the minimum culpable conduct necessary for violating the predicate offense); see, e.g., Jones, 2017 WL 3725632 at *4, n.5.

7

violation of Title 18, United States Code, Section 924(c) and 2." (Cr-DE# 3 at 17). He was convicted in Counts (29) and (30) for assault with a dangerous weapon (a firearm) in aid of racketeering activity, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(3) and (2). (Crim. Case No. 3:93-cr-215-GCM, Doc. No. 3); see Descamps, 133 S.Ct. at 2284–85.

Section 1959 does not define "assault," therefore, the common-law meaning applies. See United States v. Shabani, 513 U.S. 10, 13 (1994) (following "the settled principle of statutory construction that, absent contrary indications, Congress intends to adopt the common law definition of statutory terms."). The generic, common law definition of assault is "(1) willful attempt to inflict injury upon the person of another,… or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." United States v. Lamott, 831 F.3d 1153, 1156 (9th Cir. 2016) (internal quotation marks and citations omitted). Section 1959(a)(3) heightens simple assault by additionally requiring the use of a dangerous weapon. "[W]hat constitutes a dangerous weapon depends not on the object's intrinsic character but on its capacity, given the manner of its use, to endanger life or inflict serious bodily harm." See United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995); see also McLaughlin v. United States, 476 U.S. 16, 17-18 (1986) (holding that an unloaded gun is a dangerous weapon because, *inter alia*, "the display of a gun instills fear in the average citizen; as a consequence, it creates an immediate danger that a violent response will ensue….").

By requiring both common-law assault and the use of a dangerous weapon, Section 1959(a)(3), has as an element "the use, attempted use, or threatened use of physical force against the person or property of another," and thus satisfies § 924(c)(3)(A)'s use-of-force clause. See, e.g., Jones, 2017 WL 3725632 (denying defendant's motion to dismiss § 924(c) counts that were

8

based on § 1959(a)(3) violations because assault with a dangerous weapon is a crime of violence under § 924(c)(3)(A)'s use-of-force clause, and declining to determine the continued validity of § 924(c)(3)(B)'s risk-of-force clause); Cousins, 198 F.Supp.3d at 626 (concluding that "force is clearly used or threatened against the victim" in § 1959(a)(3) violation for assault with a dangerous weapon, whether the common law or modern legal usage of assault is used); see also Manners v. United States, 2016 WL 4801238 (E.D. Mich. Sept. 14, 2016), *aff'd by* 2017 WL 3613308 (denying defendant's § 2255 motion to vacate because binding circuit law holds that Johnson does not apply to § 924(c)(3)(B), and even if Johnson did apply to § 924(c), the attack on his conviction would fail because the predicate offense of assault with a dangerous weapon or assault resulting in serious bodily injury under § 1959(a)(3) qualifies as a crime of violence under the risk-of-force, or "elements" clause). Therefore, Petitioner's § 1959(a)(3) offense serves as a predicate offense under § 924(c) and Johnson simply has no bearing on the validity of his conviction or sentence.

Therefore, Petitioner's § 2255 motion to vacate is time-barred and, in the alternative, meritless.

**IV. CONCLUSION**

For the foregoing reasons, the Court will dismiss and deny Petitioner's § 2255 motion to vacate.

IT IS, THEREFORE, ORDERED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is DISMISSED and DENIED.

2. IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

9

appealability.  See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: September 28, 2017

Graham C. Mullen
United States District Judge